**SO ORDERED.**

**SIGNED this 25 day of February, 2022.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:

| | |
|---|---|
| GAURAVKUMAR MAHENDRAKUMAR PATEL, | CASE NO. 19-00265-5-DMW |
| DEBTOR. | CHAPTER 7 |

### ORDER APPROVING MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE WITH DEBTOR

THIS MATTER comes before the United States Bankruptcy Court for an order granting authority to approve settlement and compromise with the Trustee and Gauravkumar Patel (hereafter "G. Patel"). The Court finds the following:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, and 157, as it: (a) arises in, and concerns, matters affecting the administration of bankruptcy estate in the above-captioned case that was commenced by the Debtor, *see id.* §157(b)(2)(A); (b) concerns the allowance or disallowance of claims against the bankruptcy estate, *see id.* § 157(b)(2)(B); (c), seeks an Order approving the sale, conveyance, or transfer of property of the estate, *see id.* § 157(b)(2)(N); and, (d) concerns rights duly established

under the Bankruptcy Code. Accordingly, the relief sought herein constitutes a "core proceeding," pursuant to 28 U.S.C. § 157(b)(2).

2. This Court has the authority to hear this matter under the Standing Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 2018.

3. The Debtor, an individual citizen and resident of Raleigh, Wake County, North Carolina, filed a voluntary Petition seeking relief under Chapter 11 of the Bankruptcy Code on January 21, 2019 (the "Petition Date"), BK Case No. 19-000265-5-SWH (the "Bankruptcy Case").

4. On or about August 31, 2020, the case was converted to one under Chapter 7, by Consent Order, and Richard D. Sparkman was appointed as Chapter 7 Trustee.

5. On or about October 5, 2020, John C. Bircher III was employed as Attorney for the Trustee, and on October 6, 2020, the Debtor's 341 meeting was held.

6. After the 341 meeting, Bircher and Sparkman engaged in investigations related to the valuation of tangible and intangible assets listed in G. Patel's schedules.

7. After review of the 341 meeting notes, the 2004 transcript and the other documentation available, Trustee and the Debtor agreed to compromise the value of the Debtor's nonexempt assets.

8. The Parties have resolved all issues in dispute with respect to the Debtor's non-exempt assets pursuant to that certain Settlement Agreement attached to the Motion as Exhibit "A" and incorporated by reference.

9. Pursuant to the Settlement Agreement, the Parties have agreed, among other things, that G. Patel will pay the Trustee on behalf of the Estate the cash amount of $20,500.00 in full and final settlement of the Debtor's valuation of nonexempt property.

10. Section 105(a) of the Bankruptcy Code authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994) ("It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process.").

11. Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); 11 U.S.C. § 105(a). In determining whether to approve a proposed compromise, the court must evaluate whether it is fair, equitable, and in the best interests of the estate and its creditors.

12. The terms and conditions of the Settlement Agreement should be approved by the Court pursuant to Rule 9019 because the compromise reached, and reflected and embodied in the Settlement Agreement, is fair, equitable, and in the best interests of the Debtor, the bankruptcy estate, creditors, and parties in interest. The terms and provisions the Settlement Agreement are the result of arms-length negotiations between the parties and, with respect to Trustee, represent a sound exercise of their business judgment.

13. The terms of the Settlement Agreement establish that G. Patel will pay $20,500.00 in cash to the Trustee to pay the Estate for all nonexempt tangible and intangible property.

14. Furthermore, Trustee has determined that there is now limited value to the ownership of the prepetition entities, as those entities are largely defunct due to closure, before and during the recent pandemic.

15. Trustee has determined that further litigation of the valuation of nonexempt property would result in continued and costly litigation, which can be avoided through the resolution proposed in the Settlement Agreement.

16. After consideration of the facts and circumstances of this matter, Trustee believes that a compromise and settlement of the Adversary Proceeding, upon the terms proposed, is in the best interests of the Debtor, the bankruptcy estate, and its creditors.

THEREFORE, IT IS ORDERED AND DECREED, the settlement terms as set forth herein are hereby approved.

END OF DOCUMENT